HARTZ, Circuit Judge,
concurring:
I concur in the result and join all but § III(B) of Judge Ebel’s opinion. With respect to § III(B), I agree that Officer Peters is entitled to qualified immunity because at the time of the incident the law was not clearly established that the First Amendment prohibited him from retaliating when Ms. Leverington’s speech was not on a matter of public concern. I do, however, disagree with the suggestions in the opinion (1) that the First Amendment does not prohibit a police officer from retaliating against a public employee unless that employee’s speech was on a matter of public concern, even when it is only fortuitous that the victim of the retaliation is a public employee; and (2) that there was insufficient evidence that Peters’s action caused Leverington to lose her job, see Staub v. Proctor Hosp., — U.S.-, 131 S.Ct. 1186, 1192, 179 L.Ed.2d 144 (2011) (“[I]t is axiomatic under tort law that the exercise of judgment by the decisionmaker does not prevent the earlier agent’s action (and hence the earlier agent’s discriminatory animus) from being the proximate cause of the harm.”)